## Fred Slaughter v. Benjamin G. Johnson.

### Gen. No. 12,717.

1. BILL OF EXCEPTIONS—*filing of, within time specified by order, not jurisdictional.* The signing and sealing of the bill of exceptions is, but the filing thereof within the time prescribed by order of court is not, jurisdictional

2. LEASE—*terms of, cannot be varied by parol.* The terms, stipulations and undertakings of a written lease cannot be varied or enlarged by parol.

3. LANDLORD AND TENANT—*when not obligated to furnish heat, etc.* In the absence of stipulation contained in the lease or agreement of letting, the landlord is under no obligation to furnish the tenant with heat or hot water.

Action of debt. Appeal from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in this court at the October term, 1905. Affirmed. Opinion filed October 8, 1906.

F. H. NOVAK, for appellant.

EDWARD H. MORRIS, for appellee.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

A motion by appellee and a cross-motion by appellant were reserved to the hearing in this cause. The motion of appellee was to strike the bill of exceptions from the record and to affirm the judgment. The cross-motion of appellant was for leave to supply deficiencies in the record on a suggestion of diminution of the same. This motion was, however, according to the suggestions filed in support of it to be withdrawn if the original motion of appellee were denied. The motion of appellee is denied and the motion of appellant may be considered, therefore, withdrawn.

The motion of appellee to strike the bill of exceptions from the record is based on the said bill not having been filed according to the record, within the time

,prescribed by the Circuit Court. The filing is formal and not jurisdictional. The presentation and signing were within the time in which the court retained jurisdiction of the case for the purpose of signing and sealing the bill of exceptions. That the bill does not bear a file mark of an earlier date, seems more than probably to have been a mistake or misprision of the clerk, but in any event it is immaterial so far as this motion goes. So is the absence of a separate entitlement to the assignment of errors appended to the record and of a descriptive addition to counsel's name at its end. The assignment is sufficient in form.

But the errors are not well assigned. There is plainly no merit in the appeal. The action is on an appeal bond given on an appeal from a justice of the peace to the Circuit Court of Cook County November 23, 1903, by R. A. D. Shaw as principal and Fred Slaughter, the appellant, as surety.

The original suit was in forcible detainer. It was brought by Johnson, the appellee, against Shaw to recover possession of a flat on the second floor of a certain house in Chicago owned by Johnson. The flat had been leased by Johnson to Shaw, by a written lease from June 1, 1903, to April 30, 1904, at $33 a month, payable in advance. It being alleged by Johnson that rent was in arrears, and the lease terminated by a five days' notice under the statute, the forcible detainer suit was brought. It resulted in a judgment before the justice for the plaintiff Johnson. Shaw appealed, and Shaw as principal and Slaughter as surety then gave the bond sued on in this case. It was for $400 conditioned in the usual form for the payment of costs and all damages and rent due or to become due by reason of the withholding of the premises until their restitution.

The appeal was dismissed in the Circuit Court for want of prosecution, April 4, 1904. Shaw vacated the premises in March, 1904. He paid no rent for November, 1903, nor during the subsequent months.

In September, 1904, Johnson began suit on this appeal bond before a justice of the peace against Shaw and Slaughter, but before hearing dismissed the suit as against Shaw. The trial before the justice (a jury having been called) resulted in a verdict and judgment for $125 and costs against Slaughter. From this judgment Slaughter appealed to the Circuit Court, where, after the evidence was in, the trial judge instructed the jury to find for the plaintiff in the sum of $182.35. The jury returned a verdict accordingly. The defendant moved for a new trial and in arrest of judgment. These motions were overruled and judgment rendered on the verdict. Thereupon this appeal was taken.

The errors assigned and argued are that the court erred in refusing to admit proper testimony offered by the defendant in support of an alleged recoupment against the plaintiff's claim and in consequence erred in instructing the jury to find for the plaintiff, and in denying the motion for a new trial; and also that the verdict is excessive and that improper evidence was admitted upon which it was based.

We do not find these contentions sustained. The claim for recoupment consisted (according to a statement filed before the justice and which without passing on the question of whether it is properly in the record here we may consider *pro hac vice* as a pleading) of certain items of expense amounting to $200.66 rendered necessary, as it was claimed, by the failure of the plaintiff to furnish the leased premises with heat and hot water.

The first question asked by the appellant's counsel, the exclusion of which is complained of, was on cross-examination of the plaintiff. Johnson was asked, "Under the terms of your lease with Mr. Shaw, you were to furnish him hot water, heat for the flat and cold water?" This question was objected to, and the objection was sustained. This ruling was correct. The lease had been previously introduced in evidence

and spoke for itself. The proposed evidence was incompetent to vary it and was equally incompetent to put a construction on it.

The next question was an inquiry of Johnson whether during the time for which he was claiming rent he had not failed to furnish hot water and heat. This was also objected to and ruled out. This ruling also was proper, for there was no inference that could be drawn from the lease in evidence or from any other evidence in this case, that the landlord had contracted to furnish or was under any obligation to furnish heat or hot water to his tenant. On the contrary, the rule of law was the other way.

Although counsel afterward stated that there was no way of heating the flat except by heat furnished by the landlord, he did not then or at any other time offer to prove that fact, which he should have done if he wished to raise the question of whether there was an implied covenant to furnish heat with the premises. The statement of the recoupment claim that the tenant paid for gas to "heat the grate," would not seem to bear out the statement of counsel. It is unnecessary, perhaps, to say that no implication lies in what is here said that in any event the damages alleged here could be recouped in this action, or the lease held to include the adjuncts claimed by the appellant. It is needless to discuss or decide these questions, for they are not properly raised.

When Mr. Shaw, the tenant, took the stand he was asked to "state what was the condition of the premises as to the landlord furnishing the heat or hot water *as required by the lease.*" The question was objected to and excluded. There can be no doubt of the propriety of this ruling for the reasons before given and because of the plainly unauthorized assumption contained in the question.

The witness was then asked, "to state the condition of the flat as to being habitable, and to what inconven-

ience he was put as claimed under the 'Bill of Particulars and Recoupment.' '' He was not allowed to do this, and appellant's counsel then stated that he was ready and offered to prove by five witnesses ''that the complainant during the period for which the rent was claimed, failed to furnish heat and hot water *as stipulated in the lease and agreed to,* and that this was the reason of the dispute between the parties;'' to which offer an objection was sustained. There was no error in these rulings. The lease contained a covenant that the lessee had received the premises in good condition, and another in effect that he would keep them in that condition, which is sufficient by itself to show that the interrogatory put to Shaw was immaterial. The offer to prove by witnesses that no heat was furnished, contained, not only by implication but expressly, the unwarranted assumption concerning the landlord's duty heretofore alluded to.

We do not think that the lease was improperly introduced in evidence. We do not see how the defendant could complain of it or expect on his own theory to make any case without it. Apart from this, however, it furnished a proper measure of damages, and of the amount that had ''become due'' for rent up to the time the appellant abandoned his contention that he held under the same and vacated the premises. The damages are not excessive under the terms of the lease and bond.

Under the evidence, as it stood after these rulings which we have approved, there was no doubt of the propriety of the instructed verdict.

The judgment of the Circuit Court is affirmed.

*Affirmed.*